Smith, J.
(dissenting). I dissent, because the majority grossly misreads Debtor and Creditor Law § 282 (2).
“Public assistance” is a common synonym for “welfare.” It refers, in ordinary speech, to government subsidies for the poor, whether paid in cash or in kind. The majority quotes a list of examples from former Social Services Law § 2 (18): “home relief, veteran assistance, aid to dependent children, medical assistance for needy persons, institutional care for adults and child care granted at public expense” (see majority op at 290). The current version of the statute adds “safety net assistance” (Social Services Law § 2 [18]). Neither list includes rent control or rent stabilization, though they have long been and still are prominent features of life in New York. Nor does the statutory list include any other regulatory program not involving a government subsidy. In fact, I do not think I have ever seen or heard the words “public assistance” used to refer to such a program before this case, and the majority cites no example of such a use.
Ignoring the generally accepted meaning of “public assistance,” the majority chooses to interpret “public assistance benefits” in the Debtor and Creditor Law literally. The rent stabilization program is public, in the way that all government regulation is public; it “provides assistance to a specific segment of the population” that is in economic need; and it “provides benefits” to that same segment (majority op at 290). The same could be said of a great many programs — e.g., minimum wage laws; antidiscrimination laws; workplace safety regulations — that no one would think of calling “public assistance.”
I would like to try asking every rent-controlled or rent-stabilized tenant in New York: “Do you receive public assistance?” I would be surprised to find even one (apart from those receiving government subsidies from other programs) who answered yes.
*293 Chief Judge Lippman and Judges Graffeo, Pigott and Rivera concur; Judge Smith dissents and votes to answer the certified question in the negative in an opinion in which Judge Read concurs.
Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.27 of this Court’s Rules of Practice, and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question answered in accordance with the opinion herein.